UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES D. MCNAMEE<br>2560 Brunswick Dr.<br>Grove City, Ohio 43123 | : <br> : <br> : <br> : | CASE NO. 14-1948 |
| On Behalf of Himself and Others Similarly Situated | : <br> : <br> : | JUDGE <br><br> MAGISTRATE JUDGE |
| Plaintiffs, | : <br> : | |
| v. | : | <u>CLASS ACTION COMPLAINT</u> |
| NATIONSTAR MORTGAGE, LLC<br>c/o CSC Lawyers Incorp. Srvc.<br>50 W. Broad St., Suite 1800<br>Columbus, Ohio 43215 | : <br> : <br> : <br> : <br> : | JURY DEMAND ENDORSED<br>HEREON |
| Defendant. | : | |

## CLASS ACTION COMPLAINT

Now comes CHARLES D. MCNAMEE ("Plaintiff"), individually and on behalf of all others similarly situated, and sets forth below his COMPLAINT against NATIONSTAR MORTGAGE L.L.C. ("Nationstar").

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction pursuant the "federal question" doctrine and 28 U.S.C. § 1331.  Specifically, Plaintiff states herein federal claims under multiple provisions of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692k(d).

1

2. Venue is proper in this judicial district under 28 U.S.C. §1391 because Plaintiff received the below identified communications at his residence within this judicial district.

## NAMED PARTIES

3. Plaintiff is a resident of the State of Ohio with a current address at 2560 Brunswick Drive, Grove City, Ohio 43123.

4. Nationstar operates as a subsidiary of Nationstar Mortgage Holdings, Inc., a corporate entity that maintains its company headquarters at 350 Highland Drive, Lewisville, Texas 75067, but is officially incorporated in the State of Delaware.

5. Nationstar holds itself out as "one of the nation's leading mortgage servicers and lenders offering conforming, Fannie Mae, FHA, FHLMC, VA, Jumbo and USDA products directly to consumers"

## FACTUAL ALLEGATIONS

6. On or around June 10, 2009, Plaintiff executed a Note in the amount of $181,936.00 payable to The American Eagle Mortgage Company. Plaintiff also executed a mortgage in favor The American Eagle Mortgage Company on the same date to secure their former residential real property located at 8641 Ross Dr., Mechanicsburg, Ohio 43044 ("Property").

7. On or around June 10, 2009, The American Eagle Mortgage Company endorsed the Note to Taylor, Bean & Whitaker Mortgage Company, who in turn, endorsed the Note without recourse to Bank of America, N.A.

8. On May 29, 2012, Plaintiff filed a voluntary Chapter 7 petition jointly with his spouse, Christina M. McNamee, in the case of *In re Charles and Christina McNamee*, Case No. 3:12-bk-32578 (Bankr. S.D. Ohio W.D. 2012).

9. At the time of the bankruptcy filing, Plaintiff was in default on the Note due to Bank of America, N.A.

10. On May 29, 2012, Plaintiff filed a Statement of Intention pursuant to 11 U.S.C. §521(a)(2)(A) informing Bank of America, N.A. of his intention to surrender the Property.

11. By the end of June 2012, Plaintiff and his spouse vacated the Property.

12. Bank of America, N.A. was duly scheduled as a secured creditor, and received proper notice of Plaintiff's bankruptcy case.

13. On or around August 31, 2012, Mortgage Electronic Registration Systems, as nominee for The American Eagle Mortgage Company, executed an assignment of the above described mortgage on the Property to Bank of America, N.A.  The assignment document was recorded in Champaign County, Ohio on September 12, 2012.

14. Plaintiff received a Chapter 7 discharge on September 25, 2012.

15. On September 28, 2012, upon the request of Bank of America, N.A., the Chapter 7 Trustee formally abandoned the bankruptcy estate's interest in the Property.

16. On or around December 17, 2012, Bank of America, N.A. executed an assignment of the above described mortgage on the Property to Nationstar.  The assignment document was recorded in Champaign County, Ohio on January 28, 2013.

17. On March 20, 2013, Nationstar filed an *in rem* foreclosure complaint in the Champaign County, Ohio Court of Common Pleas ostensibly to dispose of the Property; at *Nationstar v. McNamee et al.*, Case No. 13 CV 70.

18. On October 8, 2013, Nationstar obtained a "Final Judgment Entry *In Rem*" as, and for, its decree of foreclosure.

19. Beginning as early as January 2013, Nationstar sent Plaintiff monthly "Mortgage Loan Statements" demanding payment of the monetary obligation discharged in his Chapter 7 proceeding. The earliest date of the last Mortgage Loan Statement sent to Plaintiff was October 18, 2013. Each "Mortgage Loan Statement" sent to Plaintiff contained an attached payment coupon and a return payment envelope.

20. Each "Mortgage Loan Statement" also had/has the following observable characteristics (each statement):

   a. Provides a breakdown of "Amounts Payable";
   b. Informs the recipient about "Unpaid Monthly Payments";
   c. Informs the recipient about "Unpaid Late Charges";
   d. Expresses an "Amount Due" with a caveat that the "amount does not include any payments made, or fees and charges that may have been incurred and/or added to your account after the date of this statement";
   e. Provides a "Payment Due Date";
   f. Provides a "Lender Paid Expense Summary" that includes legal fees, property inspections and maintenance charges;
   g. Provides a detachable payment coupon that further states a "Total Amount Due"; an increased amount for a "Payment Due If Received On Or After" another date; and a fill-in box to disclose the "Total Amount Of Your Check";
   h. Provides a return payment envelope;
   i. Provides on the reverse side of the statement a entire section labeled "Important Payment Information" with a capitalized statement "DO NOT DELAY PAYMENT";

j. Provides on the reverse side of the statement a warning that "late payments, missed payments or other defaults may be reflected on your credit report"; and "we may report information about your account to credit bureaus;

k. Provides on the reverse side of the statement another entire section labeled "Payment Options" to describe how payments may be made by mail, auto-pay, online, speed pay by phone, Moneygram, and Western Union.

21. In addition to sending Plaintiff monthly Mortgage Loan Statements, Nationstar, upon information and belief, engaged Plaintiff in telephone calls seeking payment of the discharged debt.

22. In addition to sending Plaintiff monthly Mortgage Loan Statements and engaging Plaintiff in telephone collection calls, Nationstar also sent Plaintiff other written communications seeking payment.

23. Plaintiff asked Nationstar during at least one telephonic discussion to cease and desist communicating with him concerning the discharged debt, which request was not honored by Nationstar.

## CLASS ALLEGATIONS

24. All statements made in all preceding paragraphs are restated as it fully rewritten.

25. Plaintiff brings this proceeding pursuant to 15 U.S.C. §1692k, on behalf of himself, and on behalf of all other similarly situated persons, who like Plaintiff, filed Chapter 7 and duly informed Nationstar, and/or its predecessor(s) in interest, of their intent to surrender or to not otherwise retain or pay for the real properties that serve(d) as security for the underlying debts. Plaintiff's class action is commenced pursuant to Fed. R. Civ. P. 23(a).

26. Upon information and belief, Nationstar employs a nationwide business model and/or a computer-software platform that systematically permits Nationstar to indiscriminately seek monetary recovery from persons who have received Chapter 7 bankruptcy discharges, through the creation, use and dissemination of dunning forms like the Mortgage Loan Statements described *infra* ¶¶19 and 20a-20k, irrespective of whether such bankrupt persons intended to retain and pay for the real property that serve(d) as security for the underlying debt.

27. Upon further information and belief, Nationstar has interacted and/or continues to interact as a loan servicer, on loans Nationstar acquired after default (and/or treated as if in default) with numerous persons on a nationwide basis who: (i) had/have filed for Chapter 7 bankruptcy relief (ii) had/have filed and served a Statement of Intention pursuant to 11 U.S.C. §521(a)(2)(A) stating an intention to surrender or otherwise to not retain or pay for real property that once served or continues to serve as security for a consumer loan/debt serviced or administered by Nationstar; (iii) had/have received a bankruptcy discharge; (iv) and from October 18, 2013 to the present, had/have received from Nationstar, after the issuance of such bankruptcy discharge, Mortgage Loan Statements of the type described in this Complaint and/or other telephonic or written collection communications (hereinafter the "Class" or "Class members").

28. Upon further information and belief, while the exact number of affected persons in the Class is unknown, the information, documentation, and/or business records that must be consulted in order to precisely define the identities and addresses of each Class member are within the custody and control of Nationstar. Plaintiff estimates that number of persons described with

particularity in ¶27 is likely in excess of 1,000 making the Class so numerous that joinder of all persons as parties to this proceeding is highly impractical.

29. Upon further information and belief, the Class members share with Plaintiff and with each other, common questions of fact and law, which include, but are not limited to:

   a. The fact that Nationstar created and engaged in the types of collection communications described herein, including but not limited to, Nationstar's use of the aforementioned Mortgage Loan Statements;

   b. The fact that Nationstar was aware at the time of engaging in such collection activity that Plaintiff, and the putative Class members received lawful bankruptcy discharges and did not intend to remain in or pay for the real properties that were subject of the mortgages serviced by Nationstar;

   c. The legal conclusion that Nationstar's actions to collect such discharged debts not only pervasively violated the express statutory injunctions imposed under 11 U.S.C. §524, but also violated the FDCPA under 15 U.S.C. §§1692e and f.

   d. The facts concerning Nationstar's defenses in that such defense(s) to the allegations of Plaintiff and the putative Class members are identical and typical.

   e. The facts concerning the types of injuries sustained by Plaintiff and the putative Class members as a result of Nationstar's acts and omissions.

30. Upon further information and belief, Plaintiff's claims, interests and injuries asserted against Nationstar, are largely typical if not identical to those claims, interests, and injuries of the putative Class members.

31. Upon further information and belief, Plaintiff is a suitable, fair and adequate representative to prosecute this case, and will endeavor to protect all Class members.  Plaintiff has also

retained suitable and adequate representation – attorneys who have the resources, and experience in dealing with bankruptcy cases, bankruptcy litigation, and extensive experience in dealing with automatic stay/discharge injunction litigation, FDCPA and consumer litigation, and class action litigation.

32. Upon further information and belief, the questions of fact and law common described above predominate over extraneous factual and legal questions that would have application to the individual case of Plaintiff and/or the individual cases of each putative Class member.

33. Upon further information and belief, class action relief is a highly superior method to alternative forms of relief in this instance because it will permit the above described Class members, who do not have the individual financial wherewithal to independently prosecute their claims against a large corporate defendant, to engage in fair and efficient method of adjudication.  Additionally, the damages sustained by Plaintiff and by the putative Class members as a direct and proximate result Nationstar's alleged conduct are relatively small on an individual basis when compared to the time and expense associated with litigating such a cases.

34. Upon further information and belief, class action relief will further obviate unduly duplicative litigation across, potentially, many jurisdictions that might result in varying and inconsistent judgments.  The class action process will conserve the financial resources of both the Judiciary and the parties, and provide the Judiciary and the parties the most efficient means of adjudication.

35. Upon further information and belief, Plaintiff commits to providing all putative Class members and other parties in interest with appropriate notification as required by Fed. R. Civ. P. 23, and Plaintiff further commits to seeking prompt class certification.

## **COUNT I – VIOLATIONS OF THE FDCPA UNDER §1692e**

36. All statements made in all preceding paragraphs are incorporated into this COUNT as if fully rewritten.

37. Plaintiff and all putative Class members described in ¶27 are "consumers" within the meaning of 15 U.S.C. §1692a(3).

38. Nationstar is a "debt collector" within the meaning of 15 U.S.C. §1692a(6) as to Plaintiff and all putative Class members described in ¶27.

39. The debts that Plaintiff and all putative Class members described in ¶27 once owed to Nationstar, Nationstar's principal and/or Nationstar's or Nationstar's principals' predecessors in interest are "debts" within the meaning of 15 U.S.C. §1692a(5).

40. The forms of communication described in ¶¶19-22 that Nationstar sent to or engaged in with Plaintiff and all putative Class members described in ¶27 are "communications" within the meaning of 15 U.S.C. §1692a(2).

41. The communications described in ¶¶19-22 contained numerous false, deceptive and/or misleading statements or means in connection with the collection of debts in violation of 15 U.S.C. §1692e.  Such violations include but are not limited to:

    a. Nationstar falsely represented the character, amount, and/or legal status of the debt(s) in violation of 15 U.S.C. §1692e(2)(A) because the communications described in ¶¶19-22 gave the false and misleading impression that such debts remained collectible even though such debts were lawfully discharged in U.S. Bankruptcy proceedings;

    b. Nationstar falsely represented the character, amount, and/or legal status of the debt(s) in violation of 15 U.S.C. §1692e(2)(B) because the Mortgage Loan Statements

9

      described in ¶¶19 and 20a-20k, sought collection of legal fees and costs that are not legally collectible under relevant state laws.

   c. Nationstar threatened to take action that could not legally be taken in violation of 15 U.S.C. §1692e(5) when in the Mortgage Loan Statements described in ¶¶19, 20a-20k, Nationstar falsely asserted to Plaintiff and to all putative Class members described in ¶27 that: "We may report information about your account to credit bureaus.  Late payments, missed payments or other defaults on your account may be reflected in your credit report"

   d. Nationstar further violated 15 U.S.C. §1692e(8) when in the Mortgage Loan Statements described in ¶¶19, 20a-20k, Nationstar threatened to make the following communication concerning Plaintiff and all putative Class members described in ¶27 that:  "We may report information about your account to credit bureaus.  Late payments, missed payments or other defaults on your account may be reflected in your credit report"

42. Plaintiff and all putative Class members described in ¶27 have suffered actual damages as a result of Nationstar's conduct.

43. Because of Nationstar's multiple violations of 15 U.S.C. §1692, Nationstar is liable for actual damages, statutory damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k.

## COUNT II – VIOLATIONS OF THE FDCPA UNDER §1692f

44. All statements made in all preceding paragraphs are incorporated into this COUNT as if fully rewritten.

45. Nationstar's use of the communications described in ¶¶19-22 constitute unfair and unconscionable means to collect or attempt to collect the debts once owed by Plaintiff and all putative Class members described in ¶27 in violation of 15 U.S.C. §1692f.  Such violations include but are not limited to:

    a. Nationstar's attempted collection of debts that were lawfully discharged in U.S. Bankruptcy proceedings violates 15 U.S.C. §1692f(1) because collection of such debts are not "permitted by law";

    b. Nationstar's attempted collection of legal fees that were both lawfully discharged in U.S. Bankruptcy proceedings and were not otherwise legally recoverable under state law in consumer transactions violates 15 U.S.C. §1692f(1) because collection of such amounts are not "permitted by law".

46. Plaintiff and all putative Class members described in ¶27 have suffered actual damages as a result of Nationstar's conduct.

47. Because of Nationstar's multiple violations of 15 U.S.C. §1692, Nationstar is liable for actual damages, statutory damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, individually and on behalf of other persons similarly situated, seeks the following relief:

- Certification of the described Class;

- Designation of Plaintiff as representative of the Class;

- Designation/Appointment of the undersigned attorneys as Class Counsel;

- A finding that Nationstar's conduct, communications, representations, and means to collect as described herein constitute violations of the 15 U.S.C. §§1692e and 1692f.

- A civil judgment against Nationstar in favor of Plaintiff and the Class members described in ¶27, in an amount permissible under 15 U.S.C. §1692k, including but not limited to:

    A. The costs of the class action;

    B. Reasonable attorney fees and expenses associated with Class Counsel's prosecution of this matter as permitted under 15 U.S.C. §1692k(a)(3);

    C. A fair and equitable amount this Court deems appropriate to compensate Plaintiff and each putative Class member for actual damages as permitted under 15 U.S.C. §1692k(a)(1);

    D. An amount up to $1,000.00 for Plaintiff under 15 U.S.C. §1692k(a)(2)(B)(i);

    E. An amount not exceeding the lesser of $500,000.00 or 1 per centum of the net worth of Nationstar as permitted under 15 U.S.C. §1692k(a)(2)(B)(ii)

    F. Any other relief that this Court deems legally or equitably just under the circumstances.

**NOBILE & THOMPSON CO., L.P.A.**

 /s/  James E. Nobile
Michael B. Zieg (#0066386)
Eric E. Willison (#0066795)
James E. Nobile (#0059705)
4876 Cemetery Road
Hilliard, Ohio 43026
Phone:  614.529.8600
Fax:  614.629.8656
mzieg@ntlegal.com
eewillison@earthlink.net
jenobile@ntlegal.com
*Attorneys for Plaintiff and Putative Class Members*