IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES D. MCNAMEE, et al., | : | Case No. 14-1948 |
| Plaintiffs, | : | Judge Algenon L. Marbley |
| v. | : | **MOTION TO DISMISS OF DEFENDANT NATIONSTAR** |
| NATIONSTAR MORTGAGE, LLC, | : | **MORTGAGE, LLC** |
| Defendant. | : | |

_____

Defendant Nationstar Mortgage, LLC ("Nationstar"), by counsel, moves the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count II –Violations of the FDCPA under § 1692f set forth in Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. The bases of Nationstar's motion are more particularly stated in their Memorandum in Support of Motion to Dismiss filed contemporaneously herewith and incorporated herein by reference.

Wherefore, Nationstar prays the Court that:

1. Count II –Violations of the FDCPA under § 1692f of Plaintiffs' Complaint be dismissed;

2. Nationstar be awarded its costs and fees incurred in defense of this action; and

3. Nationstar has such other and further relief as the Court shall deem just and proper.

1

Respectfully submitted,

/s/ Stephen A. Weigand
Stephen A. Weigand (0083573)
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street
Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0306
Telecopier:  (513) 632-0319
Email:  sweigand@ficlaw.com

John C. Lynch (pro hac vice forthcoming)
TROUTMAN SANDERS LLP
222 Central Park Avenue Suite 2000
Virginia Beach, Virginia  23462
john.lynch@troutmansanders.com

D. Kyle Deak (pro hac vice forthcoming)
TROUTMAN SANDERS LLP
434 Fayetteville Street Suite 1900
Raleigh, North Carolina  27601
kyle.deak@troutmansanders.com

Attorneys for Defendant
Nationstar Mortgage, LLC

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT NATIONSTAR MORTGAGE, LLC**

Defendant Nationstar Mortgage, LLC ("Nationstar"), by counsel, for its Memorandum in Support of Motion to Dismiss states as follows:

**INTRODUCTION**

Plaintiff has filed a two (2) Count Complaint against Nationstar for alleged violations of § 1692e and § 1692f of the Fair Debt Collection Practices Act ("FDCPA") predicated upon the same factual allegations.  Section 1692f of the FDCPA is a "catch-all" provision and where facts are alleged that involve purported violations of another section of the FDCPA, an independent claim cannot stand for alleged violation of § 1692f for those same facts.  As such, Plaintiff's claim under § 1692f should be dismissed.

**STATEMENT OF THE CASE**

On October 17, 2014, Plaintiff Charles D. McNamee, on behalf of himself and others similarly situated, filed a putative class action complaint (the "Complaint") against Nationstar alleging two counts: (1) Count I – Violations of the FDCPA under § 1692e; and (2) Count II – Violations of the FDCPA under § 1692f  [Doc. No. 1].  Nationstar is contemporaneously filing its Answer with this Motion to Dismiss Count II of the Complaint.

**STATEMENT OF THE FACTS**

Plaintiff alleges that on June 10, 2009 he obtained a loan from The American Eagle Mortgage Company, and executed a Promissory Note (the "Note"), in the amount of $181,936.00, that was secured by a mortgage on his home in Mechanicsburg, Ohio. [Doc. No. 1, ¶ 6].  The Note was subsequently endorsed to Taylor, Bean & Whitaker Mortgage Company, who in turn, endorsed the Note to Bank of America, N.A. [*Id.*, ¶ 7].  On May 29, 2012, Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the

Southern District of Ohio [*Id.*, ¶ 8].  At time of filing of the bankruptcy petition, Plaintiff was in default of payments due pursuant to the terms of the Note [*Id.*, ¶ 9].  On May 29, 2012, Plaintiff filed a Statement of Intention in the Bankruptcy case of his intention to surrender the property that secured the Note [*Id.*, ¶10].  By end of June, 2012, Plaintiff had vacated the property that secured the Note [*Id.*, ¶11].

On September 25, 2012, Plaintiff received a Chapter 7 discharge in the Bankruptcy case [*Id.*, ¶ 14].  The Trustee in the Bankruptcy case subsequently abandoned the Bankruptcy Estate's interest in the property that secured the Note [*Id.*, ¶ 15].  On December 17, 2012, Bank of America executed an Assignment of the mortgage to Nationstar [*Id.*, ¶ 16].  Thereafter, on October 8, 2013, Nationstar obtained a final judgment in foreclosure as to the property that secured the Note [*Id.*, ¶ 18].  Beginning as early as January, 2013, Nationstar sent Plaintiff monthly mortgage loan statements and made telephone calls to Plaintiff that he alleges were an attempt to collect the debt discharged in the Chapter 7 Bankruptcy case [*Id.*, ¶ 19-23].

Based upon these factual allegations, Plaintiffs seek recovery under 15 U.S.C. § 1692e and 1692f.

## ARGUMENT

A. Standard of Review

In ruling of a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true.  *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). The factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  In other words, the

Rule 12(b)(6) standard requires that a plaintiff provide "enough facts to state a claim to relief that is plausible on its face." *Id.* at 569.

      B.      <u>Plaintiff's Claim under § 1692f of the FDCPA is Duplicative and should be Dismissed</u>.

Count II of Plaintiff's Complaint alleges violations of 15 U.S.C. § 1692f. Section 1692f(1) prohibits using "unfair or unconscionable means" in the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

The legislative history of § 1692f indicates that "Congress enacted Section 1692f to catch conduct not otherwise covered by the FDCPA." *Baker v. Allstate Fin. Servs.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008). In other words, "§ 1692f serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e." *Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001). Because Plaintiff also alleges FDCPA violations under § 1692e, his claims under § 1692f are duplicative and should be dismissed.

Plaintiff's claims are all premised one fundamental proposition: Nationstar allegedly attempted to improperly collect on a debt after a Chapter 7 bankruptcy discharge. In fact, Plaintiff cites to the same paragraphs as alleged factual support for both his § 1692e and § 1692f claims [*see* Doc. No. 1, ¶¶ 41 and 45, citing to the same communications cited in paragraphs 19-22 of the Complaint in support of both counts].

As Plantiff alleges in his Count I, § 1692e of the FDCPA addresses the same alleged conduct as is being complained of in Count II under § 1692f and thus fails to state a plausible claim for relief. Section 1692f is, therefore, inapplicable, and it should be dismissed. *See Taylor v. Heath W. Williams, L.L.C.* 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007) (dismissing

3

1692f claim where plaintiff failed to plead misconduct other than that asserted to violate other FDCPA provisions); *Foti v. NCO Financial Sys., Inc.,* 424 F. Supp. 2d 643, 668 (S.D.N.Y. 2006) (same); *Tsenes v. Trans-Cont'l Credit and Collection Corp,* 892 F. Supp. 461, 466 (E.D.N.Y 1995) (same). *See also Edwards,* 136 F. Supp. 2d at 806 (dismissing 1692f claim on summary judgment where same conduct violated another FDCPA provision); *Adams v. Stuckert,* 926 F. Supp. 521, 528 (E.D. Pa. 1996) (same).

## CONCLUSION

For the reasons stated, Nationstar's Motion to Dismiss should be granted and Count II of Plaintiff's Complaint should be dismissed.

Respectfully submitted,

/s/ Stephen A. Weigand
Stephen A. Weigand (0083573)
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street
Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0306
Telecopier:  (513) 632-0319
Email:  sweigand@ficlaw.com

John C. Lynch (pro hac vice forthcoming)
TROUTMAN SANDERS LLP
222 Central Park Avenue Suite 2000
Virginia Beach, Virginia  23462
john.lynch@troutmansanders.com

D. Kyle Deak (pro hac vice forthcoming)
TROUTMAN SANDERS LLP
434 Fayetteville Street Suite 1900
Raleigh, North Carolina  27601
kyle.deak@troutmansanders.com

Attorneys for Defendant
Nationstar Mortgage, LLC

## **CERTIFICATE OF SERVICE**

I certify that on the January 12, 2015, a copy of the foregoing was served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

>Michael B. Zieg
>Eric E. Willison
>James E. Nobile
>NOBILE & THOMPSON CO., L.P.A.
>4876 Cemetary Road
>Hilliard, OH  43026

/s/ Stephen A. Weigand
Stephen A. Weigand

911787.1