IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES D. MCNAMEE,** *et al.*, | : | |
| Plaintiffs, | : | Case No. 14-1948 |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | Magistrate Judge King |
| **NATIONSTAR MORTGAGE, LLC,** | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. (Doc. 3). Defendant Nationstar Mortgage, LLC ("Nationstar") seeks to dismiss Count II—Violations of the Fair Debt Collection Practices Act ("FDCPA") under §1692(f)—set forth in Plaintiffs' Complaint, (Doc. 1), for failure to state a claim upon which relief can be granted. For the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED**.

**II.  BACKGROUND**

**A. Factual Background**

On or about June 10, 2009, Plaintiff Charles D. McNamee ("Plaintiff") executed a Note in the amount of $181,936.00 payable to the American Eagle Mortgage Company. (Doc 1, ¶6). Plaintiff also executed a mortgage in favor of The American Eagle Mortgage Company to secure their former residential real property located at 8641 Ross Dr., Mechanicsburg, Ohio 43044. (*Id.*)  The American Eagle Mortgage Company endorsed the Note to Taylor, Bean, and Whitaker Mortgage Company, who in turn, endorsed the Note to Bank of America. (*Id.* at ¶7).

1

On May 29, 2012, Plaintiffs filed a voluntary Chapter 7 petition jointly with his spouse. (*Id.* at ¶8). At the time of the filing, Plaintiffs were in default on the Note due to Bank of America. (*Id.* at ¶9). On May 29, 2012, Plaintiffs filed a Statement of Intention informing Bank of America of his intention to surrender the Property. (*Id.* at ¶10). On September 25, 2012, Plaintiff received a Chapter 7 discharge. (*Id.* at ¶14). On September 28, 2012, upon the request of Bank of America, the Chapter 7 Trustee formally abandoned the bankruptcy estate's interest in the Property. On December 17, 2012, Bank of America executed an assignment of the mortgage on the Property to Nationstar (*Id.* at ¶16). On March 20, 2013, Nationstar filed an *in rem* foreclosure complaint to dispose of the Property. (*Id.* at ¶17). On October 8, 2013, Defendant obtained a "Final Judgment Entry *In Rem*" as, and for, its decree of foreclosure. (*Id.* at ¶18).

Plaintiffs allege that, as early as January 2013, Defendant sent them monthly statements demanding payment of the monetary obligation discharged in their Chapter 7 proceeding. (*Id.* at ¶19). Plaintiffs also allege that in addition to sending them monthly statements, Defendant engaged in telephone calls seeking payment of the discharged debt. (*Id.* at ¶21). Plaintiffs asked Defendant during at least one telephone call to cease and desist communicating with them for the discharged debt and Defendant allegedly did not honor that request. (*Id.* at ¶23).

### B. Procedural Background

On October 17, 2014, Plaintiffs filed a Complaint against Defendant alleging violations of the FDCPA, 15 U.S.C. §1692. Specifically, Plaintiffs' Complaint asserts that Defendant committed two distinct FDCPA violations: (1) violation of 15 U.S.C. §1692(e) (Count One), for the use of numerous false, deceptive, and/or misleading statements or means in connection with the collection of debts and for falsely representing the character, amount, and/or legal status of

the Loan debt; and, (2) violation of 15 U.S.C. §1692(f) (Count Two), for the use of unfair and unconscionable means to collect or attempt to collect the debts once owed by Plaintiff and all putative Class members.

In response to Plaintiffs' Complaint, Defendant filed its Motion to Dismiss, asking this Court to dismiss Count II of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). This matter has been fully briefed and is ripe for review.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a case to be dismissed for "failure to state a claim upon which relief can be granted." Such a motion is a "test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus,* 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Amthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman,* 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted).

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *See United States v. School Dist. Of Ferndale,* 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas,* 537 F.2d at 858; *Dunn v. Tennessee,* 697 F.2d 121, 125 (6th Cir. 1983). The complaint simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ .P. (8)(a)(2). The function of the complaint is to "give the

3

defendant fair notice of what the claim is, and the ground upon which it rests." *Nader v. Blackwell,* 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)).  In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  It must contain "enough facts to state a claim of relief that is plausible on its face." *Id.* at 570.

### IV.    ANALYSIS

Defendant seeks to dismiss Count II Violations of the Fair Debt Collection Practices Act ("FDCPA") under §1692(f) for failure to state a claim upon which relief can be granted, arguing that the §1692(f) claim is duplicative of the §1692(e) claim.

Plaintiffs' first claim alleges that the communications described in ¶19-22 contains numerous false, deceptive, and/or misleading statements in violation of 15 U.S.C. §1692(e)[1].

---

[1] 15 U.S.C. § 1692(e) reads:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
> (2) The false representation of--
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> (6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to--
> (A) lose any claim or defense to payment of the debt; or
> (B) become subject to any practice prohibited by this subchapter.
> (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

4

Such violations include: (1) a violation of 15 U.S.C.§1692(e)(2) because Nationstar allegedly falsely represented the character, amount, and/or legal status of the debts by giving the misleading impression that lawfully discharged debts were still collectible; (2) a violation of §1692(e)(5) because Nationstar allegedly threatened to take action that could not be legally taken when they told Plaintiff and all putative Class members that they would report their information to credit bureaus; and (3) a violation of §1692(e)(8) because Nationstar threatened to communicate credit information which is known to be false when they told Plaintiff and all putative Class members that they would report their information to credit bureaus.

Plaintiffs' second claim alleges that the Defendant's use of the communications in ¶19-22 constitutes unfair and unconscionable means to collect or attempt to collect debts owed by Plaintiff and all putative Class members in violation of 15 U.S.C.§1692(f)[2]. Such violations

---

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.
(13) The false representation or implication that documents are legal process.
(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.
(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.
(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

[2] 15 U.S.C. § 1692(f) reads:

include: (1) a violation of 15 U.S.C. §1692(f)(1) because Nationstar's attempted collection of debts that were lawfully discharged was not "permitted by law"; and (2) a violation of 15 U.S.C.§1692(f)(1) because the attempted collection of legal fees that were both lawfully discharged and not legally recoverable under state law was not "permitted by law."

Defendant avers that §1692(f) of the FDCPA was meant to capture conduct not covered by any of the other sections. Therefore, if the Plaintiffs wanted to bring a cause of action under that section, they had to allege a different set of facts than they alleged for the §1692(e) claim. In response, Plaintiffs argue that the claim should stand because: (1) the Federal Rules of Civil Procedure allows them to raise an alternate statement of a claim; and (2) §1692(e) and §1692(f) are non-exhaustive lists that are not mutually exclusive.

---

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.
(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.
(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.
(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
(B) there is no present intention to take possession of the property; or
(C) the property is exempt by law from such dispossession or disablement.
(7) Communicating with a consumer regarding a debt by post card.
(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse."  15 U.S.C. §1692.

In order to address such a widespread problem, Congress created an "extraordinarily broad" statute.  *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992).  Even though Congress enumerated certain specific practices that are violations, they knew that they would not be able to catch every single abusive practice a debt collector might do.  *Baker v. Allstate Financial Services, Inc,* 554 F.Supp.2d 945, 953 (D.Minn 2008). So, when they created section §1692(f), the intent was to create a section that would serve as a "backstop function" to catch those practices that did not fall under the other sections. *Edwards v. McCormick,* 136 F.Supp.2d 795, 806 (S.D. Ohio 2001) (Marbley, J); *Baker,* 554 F.Supp.2d at *953*; *Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643, 667 (S.D. New York 2006); *Taylor v. Heath W. Williams, L.L.C,* 510 F.Supp.2d 1206, 1217 (N.D. Georgia 2007).

This Court holds, like it held in *Edwards*, that a plaintiff cannot bring a cause of action under §1692(f) when the factual allegations fit more narrowly into another subsection of the FDCPA, and a plaintiff does in fact bring a duplicative claim under another subsection using the same set of facts.  *Id.*

Although *Edwards* concerned the attempted collection of a healthcare related debt and this case concerns the attempted collection of a mortgage debt, the material facts of both cases are similar: Both plaintiffs raised claims under both §1692(e) and §1692(f) using similar factual allegations for both claims.  *Id.*  In *Edwards*, Defendant McCormick, an attorney who contracted with the Physicians Credit Bureau, sent the Edwards a letter notifying them that a judgment lien

7

was filed in favor of the defendant, and threatened to foreclose on their house if the underlying debt was not paid—an action that could not be legally taken and was not intended to be taken. *Id.* at 804.  In addition to the threats, that letter was also signed by McCormick without being reviewed by him.  *Id.* at 805.

The Edwards brought claims under §1692(e)(5) and §1692(e)(10) claiming that the letter threatened to take an action that was not intended to be taken and falsely represented that McCormick had the right to foreclose upon and sell their home.  *Id.* at 805.  The Edwards also brought a cause of action under §1692(f) claiming that the letter was unfair because it was signed by Mr. McCormick without being reviewed by him.  *Id.*

After granting the Edwards Motion for Partial Summary Judgment on their §1692(e) claims, this Court denied their Motion for Partial Summary Judgment on their §1692(f) claim, finding that the structure of the FDCPA counseled against granting the plaintiffs' §1692(f) Motion in addition to their §1692(e) Motion.  *Id.* at 806. In so doing, this Court relied upon *Adams v. Law Offices of Stuckert & Yates*, a case that dismissed a §1692(f) claim when the same conduct was already found unlawful under another section of the FDCPA, §1692(g). 926 F.Supp. 521, 528 (E.D.Pa.1996). Following the rationale in *Adams*, this Court reasoned that since § 1692(d) already prohibited "harassment and abuse" and § 1692(e) already forbade "false or misleading representations," §1692(f) served as "backstop function", allowing the court to sanction improper conduct that the FDCPA did not specifically address.  *Id.*  Thus, while the factual allegations used for both claims were slightly different,  as the §1692(e) claims dealt with the false or misleading representations in the letter itself and the §1692(f) claim asserted that the letter was "unfair" because it was signed without review of the signatory, the Court found that permitting  the §1692(f) motion would improperly "expand the reach of §1692(f) to cover

8

putative transgressions of ethical dictates." *Id.* That is to say, the alleged unlawful conduct could be abated effectively within the narrower and more specific confines of § 1692(e), and resort to § 1692(f) was unnecessary and duplicative under the circumstances of that case.

This case conforms to the *Adams* case even more so than *Edwards*. While the plaintiffs in *Edwards* used different portions of the same letter to bring both of their § 1692(e) and § 1692(f) claims, the Plaintiffs in this case use the same exact portions of the letter at issue to bring their § 1692(e) and § 1692(f) claims. The communication in ¶19-22 allegedly contained statements that gave the false impression that the Plaintiffs' debts remained collectible even though such debts were lawfully discharged. That communication also sought the collection of legal fees and costs that are not legally collectible under relevant state laws. These communications fit more narrowly under: § 1692(e)(2) because they allegedly falsely represented the character, amount, and/or legal status of the debt; § 1692(e)(5) because they threaten to take actions that cannot legally be taken; and § 1692(e)(8) because they threatened to communicate credit information that is known to be false.

Because §1692(f) is used to catch conduct that is *not* covered in the other sections of the FDCPA, and all of Plaintiffs' claims fall within subsections of § 1692(e), bringing a separate claim under § 1692(f) for conduct that fits more narrowly under other provisions of the FDCPA would be redundant, and contravenes the purpose of §1692(f).

Thus, the Defendant's Motion to Dismiss claims under § 1692(f) is **GRANTED**.

## V. CONCLUSION

For the reasons above, Defendant's Fed. R. Civ. P. (12)(b)(6) Motion to Dismiss claims pursuant to § 1692(f), (Doc. 3), is hereby **GRANTED**.

**IT IS SO ORDERED.**

                                           **/s/ Algenon L. Marbley**
                                           **ALGENON L. MARBLEY**
                                           **UNITED STATES DISTRICT JUDGE**

**DATED: September 4, 2015**