**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES D. MCNAMEE** | : | |
| on behalf of himself and | : | **Case No. 14-cv-1948** |
| others similarly situated | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **Magistrate Judge Deavers** |
| | : | |
| **NATIONSTAR MORTGAGE, LLC.,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

## I.      BACKGROUND

This matter comes before the Court on Defendant's Motion to Reconsider (ECF No. 63), the parties' Joint Motion to Approve Proposed Plan for Issuing Notice (ECF No. 73) and the Defendant's Motion to Stay (ECF No. 74). For the reasons below, Defendant's Motion to Reconsider is **DENIED** and Defendant's Motion to Stay is **DISMISSED AS MOOT**. The parties' Joint Motion is **GRANTED**.

## II.      STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003). Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due to a finding of manifest injustice or a clear error of

law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc*., 2006 WL 3483964, at *2 (S.D. Ohio 2006) (*citing Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Even for motions to reconsider interlocutory orders, courts respect the importance of "grant[ing] some measure of finality ... and [of] discourag[ing] the filing of endless motions for reconsideration" in applying the relevant criteria. *Id*. A motion under Rule 59(e) may not be brought to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, 2006 WL 689091, at *3 (S.D. Ohio 2006).

## III.    ANALYSIS

As an initial matter, it is not clear to this Court that Defendant's motion meets the requirements of a motion to reconsider. Defendants have not presented evidence that there has been a change of controlling law between the time this Court entered its order certifying the class (ECF No. 62, docketed March 30, 2018) and the time the Defendants filed their Motion (ECF No. 63, docketed April 13, 2018). In addition, Defendants do not argue there has been newly discovered evidence that surfaced in those two weeks and which the Court could not have considered during at oral argument and in writing its opinion and order. Thus Defendants' motion could only be before this Court because Defendants believe either there has been clear error by the Court or there is manifest injustice that could be avoided on reconsideration.

But rather than draw the Court's attention to a point of law on which the Court made a clear error, the Defendants' motion is a forty-one page restatement of the arguments the Court found unpersuasive on initial consideration. These arguments were rejected in this Court's Opinion and Order dated March 30, 2018. (ECF No. 62).

Assuming, *arguendo*, Defendants' motion satisfies the requirements for a motion for reconsideration, this Court remains unconvinced by the merits of the arguments. The way Defendants conceive of Rule 23, the mechanism of class actions would be so tightly circumscribed as to be rendered essentially useless.

This case might be best explained by way of analogy. Consider the situation at the Ames Zoo. The zoo houses myriad animals from across the animal kingdom. The zoo contracted out its food delivery system to Acme, Inc. Acme is responsible for procuring food to feed all of the animals at the zoo. Due to turnover at Acme, the food delivery has been late for months and the animals are growing angry: the panthers are peeved, the elephants are enraged, and the meercats are downright miffed.

The good news for the animals is that Allison the Akita went to law school. One day, Allison went to Court and asked to be the class representative. Allison defined the class as: all the animals who live at the zoo who have been harmed by the delayed food deliveries, which persisted from January 1 to August 1, 2018. Allison argues for Rule 23 certification of a class of the animals at the zoo because common questions of law and fact predominate – namely, they have all been harmed by Acme's carelessness. Certainly, there are elements of individualization: Jennifer the Jaguar has been suffering more from the lack of food than has Chris the Camel, who plans ahead. Jennifer and Chris also eat different food and in different amounts. But common questions predominate, and discerning Acme's responsibility toward one animal will help determine Acme's responsibility toward others.

Even though there are elements requiring individual inquiry, it still makes sense for the animals to proceed as a class. The Court and the parties would also be able to determine which animals do and don't belong to the class. For example, Lauren the Labrador is an emotional

support animal for a researcher at the zoo. But although Lauren is an animal who spends a lot of time at the zoo, she would not be a class member because she does not reside at the zoo. Similarly, the birds from the Wild Safari exhibit have heard through the grapevine about the class action and they want to join. But they, too, will not be allowed to join because they aren't fed by Acme. Neither will Hannah the Hyena, because she came to Ames in October, after Acme resumed timely food deliveries.

In this way, although there are moments in the litigation that will require examination of precisely which animals get to join the class, common questions of law and fact still predominate and animals' eligibility can be determined by reference to objective criteria. There is no central list of these animals – the chameleons are really hard to count – but this does not affect the feasibility of the class action. The animals' class action against Acme will be allowed to proceed.

So too here. The classes as certified in the Court's prior order meet the requirements of a Rule 23 class and can be "determined with reasonable—but not perfect—accuracy." *Rikos v. Proctor & Gamble Co*., 799 F.3d 497, 526 (6th Cir. 2015). The class definition is "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012) (internal quotation omitted). And the classes are ascertainable because their membership can be determined by reference to objective criteria. *Id*. As this Court outlined in detail in its original order, each necessary element for class certification to be proper is met in this case. (ECF No. 62).

This Court recognizes the Defendants' footnote in the Parties' Joint Motion, and acknowledges Defendants wish to preserve for appeal their dissatisfaction with the class certification. Notwithstanding this, the Motion for Reconsideration is denied.

The parties also submitted a joint motion with proposed plan and notice. This motion is **GRANTED**. This Court finds the proposal to be satisfactory.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Reconsider is **DENIED**. Accordingly, Defendants' Motion to Stay is **DISMISSED AS MOOT**. The Parties' Joint Motion is **GRANTED**. The language of the proposed notice and the plan to distribute it are approved.

**IT IS SO ORDERED.**

**    s/Algenon L. Marbley_____**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: March 11, 2019**