IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES D. McNAMEE, *et al.*, : | |
| : | Case No. 2:14-cv-01948 |
| **Plaintiffs,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Vascura |
| NATIONSTAR MORTGAGE, LLC : | |
| : | |
| : | |
| **Defendant.** : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Conference or In-Person Hearing, (ECF No. 84), and Plaintiffs' Request to Show Cause, (ECF No. 85). For the reasons stated below, Defendants' Motion for Conference is **DENIED**. Plaintiffs' Request for a Show Cause hearing is **GRANTED**.

### II. BACKGROUND

#### A. Factual History

In June 2009, Mr. McNamee took out a mortgage on his home in Mechanicsburg, Ohio, through the American Eagle Mortgage Company (ECF No. 1 ¶ 6). He executed a Note in the amount of $181,936.00 payable to American Eagle, who endorsed the Note to an intermediary, who in turn, endorsed the Note to Bank of America. (*Id.*). In 2012, Mr. McNamee was in default on the Note, and he and his wife filed for voluntary Chapter 7 bankruptcy. (*Id.* at ¶ 8). Mr. McNamee filed a Statement of Intention to surrender the property. (*Id.* at ¶ 10). He received a Chapter 7 discharge in September 2012, and upon the request of Bank of America, the Chapter 7

1

trustee formally abandoned the bankruptcy estate's interest in the property. (*Id.* at ¶ 14). In December 2012, Bank of America assigned the mortgage to Defendant Nationstar. (*Id.* at ¶ 16).

Nationstar began sending correspondence to Plaintiffs which ultimately became the subject of this litigation and the alleged Fair Debt Collection Practices Act ("FDCPA") violations. Plaintiffs allege that Nationstar sent them monthly statements and made multiple phone calls demanding payment of the monetary obligation discharged in their Chapter 7 proceeding. (*Id.* at ¶ 21). In at least one phone, Plaintiffs asked Nationstar to cease and desist communication with them for the discharged debt, and alleged Defendant did not honor their request. (*Id.* at ¶ 23).

### B. Procedural Background

On October 17, 2014, Plaintiffs filed this lawsuit against Defendant Nationstar Mortgage, LLC alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (ECF No. 1). The Complaint alleged 1) violation of 15 U.S.C. § 1692(e), for the use of false, deceptive, and/or misleading statements or means in the collection of debts and for falsely representing the character, amount, and/or legal status of the Loan debt; and 2) violation of 15 U.S.C. § 1692(f), for the use of unfair and unconscionable means to collect or attempt to collect the debts once owned by Plaintiffs. Defendant filed an Answer to Count I and a Motion to Dismiss Count II of the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and this Court granted that Motion to Dismiss on September 4, 2015. (ECF No. 20).

On April 2, 2015, Defendant filed Motions to Apply the First-to-File Rule (ECF No. 13) and to Withdraw the Reference and Consolidate Cases (ECF No. 14). On December 10, 2015, this Court denied the Motion to Apply the First-to-File Rule. (ECF No. 25). This Court granted in part and denied in part the Motion to Withdraw the Reference and Consolidate Cases. (*Id.*).

On March 30, 2018, this Court granted Plaintiffs' Motion to Certify Class. (ECF No. 62). On March 11, 2019, this Court denied Defendant's Motion to Reconsider the class certification. (ECF No. 76). On April 3, 2019, this Court denied Defendant's Motion to Stay. (ECF No. 79). On April 23, 2019, the Sixth Circuit denied Defendant's interlocutory appeal but directed that the nationwide classes be modified to exclude individuals whose loans were acquired before those loans went into default. On May 22, 2019, this Court held a Telephonic Status Conference and issued a supplemental order modifying the class definitions pursuant to the Sixth Circuit's order. (ECF No. 83).

Now before this Court are two motions. On August 28, 2019, Defendant filed a Status Report and Motion for Conference or In-Person Hearing on what it alleges is a fundamental disagreement between the parties on the legal issue of actual damages. (ECF No. 84). On August 29, Plaintiffs filed a Reply to the Status Report and a Request to Show Cause with suggested sanctions. (ECF No. 85). On September 13, Defendant filed a Response to Plaintiff's Request to Appear and Show Cause. (ECF No. 86).

### III. LAW AND ANALYSIS

#### A. Defendant's Motion for Conference or In-Person Hearing

Defendant Nationstar alleges in its Status Report and Request for Hearing and/or In-Person Conference that "the parties have a fundamental difference of opinion concerning legal issues in the case pertaining to class-wide damages." (ECF No. 84 at ¶ 13). They suggest that Plaintiffs seek actual damages, while Nationstar contends that actual damages are not recovered on a class-wide basis. (*Id.* at ¶ 14). Nationstar argues that the classes should be decertified so that Plaintiffs can seek emotional distress damages, or the class should be certified only for the purposes for statutory damages. (*Id.* at ¶ 16). Nationstar alleges this disagreement is what is held

3

up mediation and requests a conference or in-person hearing and briefing schedule on this issue. (*Id.* at ¶ 20).

In Plaintiffs' Reply to Defendant's Status Report, they acknowledge that this Court did not certify the classes with respect to actual damages. (ECF No. 85 at 3). They point out that they never asked the Court to analyze whether actual damages could be certified, and instead acknowledge that individual damages actions can occur in subsequent proceedings. (*Id.* at 3-4) (citing *Glazer v. Whirlpool Corp.*, 722 F.3d 838, 860-61 (6th Cir. 2013)). They claim the parties agreed to discuss issues in mediation beyond the scope of a possible rule in this litigation, and that Defendant is fabricating the dispute to further delay negotiations and continue to withhold class member identification information. (*Id.* at 4).

Because Plaintiffs do not dispute that this Court only certified the classes with respect to statutory damages, this Court finds no fundamental disagreement on which to hold a hearing or require additional briefing as to this issue. Defendant's Motion for a Hearing on the issues it raises in its Status Report are therefore **DENIED.**

### B. Plaintiffs' Motion for Sanctions

Plaintiffs moved for a Show Cause hearing pursuant to 18. U.S.C. § 401 and suggested sanctions for Nationstar's alleged delay and refusal to provide class members identification information. (ECF No. 85 at 13-14). They include email exchanges with Defendants' counsel, beginning in April 2019, repeatedly requesting class information and attempting to schedule mediation. (ECF No. 85, Exs. A-E). This Court scheduled a settlement conference for June 2019. (ECF No. 80). Plaintiffs allege they contacted counsel for Nationstar, who indicated they wanted to mediate the case by May 6, and so they represented to the Court that the June settlement would not be needed. (ECF No. 85 at ¶ 8). Plaintiffs allege Nationstar did not respond until May

4

13. (*Id.* at ¶ 10). Plaintiffs allege Nationstar initially rejected Plaintiffs' proposed mediator, and eventually the parties agreed upon a mediator who was not available until July. A week prior to the scheduled mediation date, Plaintiffs allege Nationstar sought to reschedule. (*Id.* at ¶ 18). A mediation was finally held in August, where Plaintiffs allege Nationstar made representations contrary to its prior statements about the scope of the mediation and the size of the class. (*Id.* at 19). It appears Nationstar has still not provided class member identification information necessary to issue the Class Notice. Plaintiffs ask this Court to order Defendant to appear and show cause to determine whether sanctions are appropriate.

In its Response, Nationstar claims there are legal issues that need to be resolved before it can provide the class information. (ECF No. 86 at 3). However, they do not explain what legal issues remain after Plaintiffs' Reply. They cite to the Proposed Class Notice (ECF No. 73 n.1) where they preserve objections to the Notice to the extent it provides for a $500,000 cap for each of the two respective classes. They maintain that class certification was improper. (ECF No. 86 at 4). They allege they are still working on putting together the class list, despite the legal disagreements, but do not indicate when they plan to produce it.

### 1. Legal Analysis

Plaintiffs move for a Show Cause hearing pursuant to 18 U.S.C. § 401, requesting this Court order Defendant to appear and show cause as to why they should not face sanctions or be held in contempt for withholding class identification information and delaying prosecution of the case. (ECF No. 85 at 1). Plaintiffs suggested sanctions include: a judgment against Nationstar on the issue of FDCPA liability and Discharge Injunction; an order requiring Nationstar to pay Class Counsel's fees and expenses for getting Nationstar to comply with the Court's order to issue the Rule 23(c)(2)(B) Notice, the mediator's expenses, Mr. McNamee's time off work to

attend the mediation, and the processing and mailing of the 23(c)(2)(B) Notice; an order setting daily monetary sanction until Nationstar produces a complete set of class member identification; and any other relief the Court would require under the circumstances. (ECF No. 85 at 14).

18 U.S.C. § 401 provides:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Plaintiffs allege Nationstar has failed to comply with this Court's order to issue the Rule 23(c)(2)(B) Notice by failing to provide class member identification information. In its March 2018 order certifying the class, this Court ordered the parties to submit a report within 30 days with a proposed plan for providing notice to potential class members. (ECF No. 62 at 16). The parties jointly moved for extensions of time, which this Court granted, and they submitted their Proposed Plan on June 25, 2018. (ECF No. 73). Plaintiffs allege Nationstar has failed to provide class member identification information necessary to execute the Proposed Plan. Plaintiffs further allege Defendant is obstructing the administration of justice by intentionally delaying mediation of the case.

This Court finds Plaintiffs allegations are sufficient to hold a Show Cause hearing on this matter. The classes were certified in March of 2018, and the parties submitted their Proposed Plan for Issuing Notice in June of 2018. Defendant's Motion for reconsideration of the class certification was denied, as was their interlocutory appeal. This Court issued its supplemental

order on class certification following the denial of Defendant's Sixth Circuit appeal in May 2019. Nationstar claims they are still working on the class lists despite the alleged unresolved legal issues, and will provide them "given sufficient time," but Defendants do not specify how much time would be sufficient. (ECF No. 86 at 4). Despite numerous exchanges between counsel, mediation has stalled and Nationstar has not produced a class list. For these reasons, the Court **GRANTS** Plaintiff's Request to Require Nationstar to Appear and Show Cause.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion for Conference is **DENIED** and Plaintiff's Motion for Show Cause hearing is **GRANTED**. The parties are therefore **ORDERED** to appear on **October 25th** at **1:30 PM** before the Honorable Algenon L. Marbley, United States District Court, 85 Marconi Boulevard, Columbus, Ohio, Court Room 1, Room 331. At that time, Defendant must show cause as to why they should not be sanctioned or held in contempt for failing to produce class member identification information.

**IT IS SO ORDERED.**

    **s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: October 21, 2019**