**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES D. MCNAMEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. C2:14CV1948 |
| | : | |
| NATIONSTAR MORTGAGE, LLC, | : | JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge Vascura |
| Defendant. | : | |

**PLAINTIFF'S COMBINED
RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTIONS IN LIMINE [ECF 140, 141 and 142] REGARDING
POTENTIAL TRIAL COMMENTS BY PLAINTIFF'S COUNSEL**

Now comes Charles D. McNamee ("Plaintiff") and sets forth below his Response in COMBINED OPPOSITION to Defendant's Motions in Limine ("MIL") (ECF 140, 141 and 142) to exclude statements of Plaintiff's counsel and/or evidence and argument concerning, respectively, (i) that a verdict will not adversely affect Defendant (ECF 140); (ii) that Defendant's counsel is not local and/or is significantly pecunious (ECF 141), and (iii) that visit the "Golden Rule" – here, by urging the jury to put themselves in place of Plaintiff.

Defendant's arguments in these MILs are not specific but are categorical in nature. They are based upon generalities and supposition.

While it is not Plaintiff's intention to make improper comments or arguments during the trial to inflame or encourage bias, Plaintiff does not currently know what proverbial doors Defendant will open with its own presentation, or whether Defendant will even lodge objections to Plaintiff's counsel's statements. Moreover, it may be necessary for Plaintiff to introduce certain evidence, arguments, or commentary to fairly rebut and respond to any negative and possibly improper commentary, arguments or evidence that Defendant may make or introduce. For these

1

reasons, Defendant's arguments are premature. Defendant is looking for a categorical exclusion without offering reasons for why it truly believes Plaintiff's counsel would make unprovoked or unresponsive comments or statements. Without definition, such issues should not be decided *in limine*.

ARGUMENT

1.　Plaintiff asks the Court to review the decision of *Balsley v. LFP, Inc.*, 691 F.3d 747 (6th Cir. 2012). This case discusses many of the same types of comments and arguments that Defendant fears will occur and is seeking to categorically exclude in these MILs; including Defendant's concerns regarding reference to the comparative wealth and resources of Defendant and Defendant's counsel.

2.　The *Balsley* court reviewed the comments and arguments raised by the plaintiff's attorney, but concluded that many were not improper, and for others that were arguably improper, they were not prejudicial. *Balsley*, 691 F. 3d at 761-66. The *Balsley* court's rulings were largely predicated upon the fact that that allegedly offending remarks were made to rebut remarks and comments made by the defendant. For example, the plaintiff's counsel engaged in a comparison of the defendant's wealth and resources, and also the wealth and/or the resources of defendant's counsel with the plaintiff's, who was said to be "of modest means". Before doing so, the defendant's attorney's in *Balsley* stated that plaintiff's case "was about money" and that the plaintiff herself, was "money-grubbing" and "only out to profit". *Balsley*, 691 F.3d at 762-63. In this case, Plaintiff's counsel does not know what limitations, if any, Defendant's counsel intends to put on themselves, and would only respond in kind to level the field if such becomes necessary.

3.　The *Balsley* court further stated:

> The comments were not so egregious as to inflame the jury, and they covered a short time period compared to the length of the trial and closing arguments. The comments here are

>similar to or even less prejudicial than comments made in other cases where we did not find prejudice. See *Bridgeport Music, Inc. v. Justin Combs Publ'g (Justin Combs)*, 507 F.3d 470, 478-79 (6th Cir.2007) (finding no prejudice in comments that a corporate defendant was a "fancy," "multi-million dollar company" from New York City, while plaintiffs were small-town citizens, and that the jury should "tell the world that what defendants did is not going to happen in Nashville, Tennessee" (internal alterations omitted)), *cert. denied*, 555 U.S. 818, 129 S.Ct. 85, 172 L.Ed.2d 29 (2008); *Strickland*, 142 F.3d at 358-59 (finding that no prejudice arose from a question to the jury: "Do you want to live in a world where [the corporate defendant] makes the rules.... You have an opportunity.... to tell [the corporate defendant] ... whether you stand for safe products and decency"); *Eisenhauer v. Burger*, 431 F.2d 833, 837-38 (6th Cir.1970) (finding no prejudice in comments that a defendant lived in a trailer, his family business was "small and impoverished," and that evidence of his "financial situation" was not admitted). Defendant's attempt to analogize this case to *Igo v. Coachmen Indus., Inc.*, 938 F.2d 650, 653-55 (6th Cir.1991), and *Pingatore v. Montgomery Ward & Co.*, 419 F.2d 1138, 1142 (6th Cir.1969), is unsuccessful because the improper comments in those cases were much more egregious, unsubstantiated, and prejudicial than the comments at issue here.

*Balsley*, 691 F.3d at 764.

4. As for "Golden Rule" statements or arguments, it is not Plaintiff's intention to invite bias or prejudice through his counsel's comments or arguments. Plaintiff expects the Jury will be adequately instructed as to the law, and in particular, the law regarding the standard of a "least sophisticated consumer".

5. Ironically however, that standard *does require* the Jury to evaluate certain facts (e.g. animating purpose and §1692e violations) from the perspective of someone other than themselves, but statements or commentary going to this standard are in no way prejudicial, because aside from being legally required, they do not seek the biased perspective of a party to the case (including any class members). *Weckbacher v. Memorial Health System Marietta Memorial Hospital*, Case Nos. 2:16-cv-01187, 2:17-cv-00438, 2:17-cv-00439 (S.D. Ohio 2020) ("'Golden Rule' arguments ask the jury to put themselves in a ***party's place***, inviting decisions based on bias and prejudice rather than consideration of the facts." *Life for Relief & Dev. V. Bank of Am., N.A.*, 2017 WL 3616498,

at *4 (E.D. Mich. Aug. 23, 2017) (citing *Mich. First Credit Union v. Cumis Ins. Soc.*, 641 F.3d 240, 249 (6th Cir. 2011) (emphasis added).

5.      Counsel for Plaintiff (and presumably Defendant) will be required at various times during the trial to make comments or statements through witnesses and/or to the Jury directly that are designed to have the Jury members imagine what a "least sophisticated consumer" might think or believe about the Mortgage Loan Statements. The "least sophisticated consumer" standard must be objective to have any bearing. Plaintiff's plea to the Jury will be for the Jury to thoughtfully consider the evidence in light of this and the other legal standards explained by the Court.

WHEREFORE, due to their imprecision and categorical nature, Plaintiff requests that Defendant's MILs (ECF Nos. 140, 141 and 142) be DENIED.

Respectfully submitted,

/s/      James E. Nobile
James E. Nobile (0059705)
Eric E. Willison (0066795)
NOBILE & THOMPSON CO., L.P.A.
285 S. Liberty St. Suite 1D
Powell, Ohio 43065
(614) 529-8600 PH1
(614) 300-2764 PH2
jenobile@ntlegal.com
Class Counsel

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and authentic copy of the foregoing PLAINTIFF'S COMBINED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE [ECF 140, 141 and 142] REGARDING POTENTIAL TRIAL COMMENTS BY PLAINTIFF'S COUNSEL was served upon the below listed individuals by email and through the ECF/CM system on this 11th day of October 2021.

D. Kyle Deak    kyle.deak@troutman.com

Stephen A Weigand    sweigand@ficlaw.com

/s/    James E. Nobile
James E. Nobile (0059705)
Eric E. Willison (0066795)
NOBILE & THOMPSON CO., L.P.A.
285 S. Liberty St. Suite 1D
Powell, Ohio 43065
(614) 529-8600 PH1
(614) 300-2764 PH2
jenobile@ntlegal.com
Class Counsel