IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES D. MCNAMEE, | : |
| | : Case No. 14-1948 |
| Plaintiffs, | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : Magistrate Judge Vascura |
| NATIONSTAR MORTGAGE LLC, | : |
| | : |
| Defendant. | : |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's and Defendant's Motions in Limine. (ECF Nos. 140–45, 147–48, 155, 157). In accordance with the following analysis, this Court **GRANTS in part and DENIES in part** the parties' Motions.

Also before the Court are Defendant's Motion to Exclude Evidence and Testimony of Plaintiff's Expert Witness (ECF No. 158) and Plaintiff's Motion to Strike. (ECF No. 171). For the following reasons, Defendant's Motion is **DENIED as untimely**, and Plaintiff's Motion is **DENIED as moot**.

## I.   APPLICABLE LAW

The purpose of motions in limine is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion in limine, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio July 16, 2004). Courts should "exclude evidence on a motion in limine only when that evidence is determined to be clearly inadmissible on all potential grounds." *Delay v. Rosenthal Collins Grp., LLC*, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012). Thus, "[w]hen a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be

deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context." *Id*. "Orders [on motions] in limine which exclude broad categories of evidence should seldom be employed. A better practice is to deal with questions of admissibility as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Morrison v. Stephenson*, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008) ("Courts . . . are generally reluctant to grant broad exclusions of evidence in limine, because a court is almost always better situated during the actual trial to assess the value and utility of evidence.") (internal quotation omitted). Whether to grant a motion in limine falls within the sound discretion of the trial court. *Delay*, 2012 WL 5878873, at *2.

Together, the parties' motions implicate the Federal Rules of Evidence on relevance (Rules 401, 402, 403). The relevance rules provide that evidence is relevant, and thus generally admissible, if it has "any tendency" to make a "fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401, 402. Relevant evidence may be excluded, however, when the court determines that "its probative value is substantially outweighed" by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II.  LAW & ANALYSIS

### A.  Plaintiff's Motions in Limine

Plaintiff submitted three Motions in Limine. For the following reasons, Plaintiff's first and third Motions (ECF Nos. 147, 155) are **GRANTED**, while his second (ECF No. 148) is **DENIED**.

*1. Exclude argument or evidence as to certain legal standards regarding the objective characteristics of a "least sophisticated consumer" (ECF No. 147)*

Plaintiff first asks this Court to "exclude any evidence, statement or argument . . . that suggests that a 'least sophisticated consumer' must stand in the shoes of Mr. McNamee or assume

2

a set of particular knowledge beyond which that [is] required under controlling Sixth Circuit case law." (ECF No. 147 at 4). Plaintiff argues that such evidence, statements or arguments may "unfairly confuse[] and/or prejudice[]" the jury as to the requisite objective factors required under the "least sophisticated consumer" standard. (*Id*.). Defendant, citing out-of-circuit case law, argues that because the "least sophisticated consumer" standard assumes the consumer has "'some recollection of past events related to [his] debt[,]'" it should not be precluded from demonstrating that a "'least sophisticated consumer' would have the basic knowledge possessed by any consumer who has been through a Chapter 7 bankruptcy and had his or her mortgage debt discharged." (ECF No. 160 at 4). Defendant additionally asserts that granting Plaintiff's Motion would result in a "bizarre and idiosyncratic reading of the mortgage statement" at issue, because "the key inquiry here necessarily involves contextual knowledge of the financial situation of the Plaintiff and class members." (*Id*. at 5).

The "least sophisticated consumer" standard "protects the gullible and the shrewd alike while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor." *Johnston v. Midland Credit Mgmt.*, 229 F. Supp. 3d 625, 633 (W.D. Mich. 2017). As Plaintiff represents, there are no Courts in this Circuit that have adopted anything but this bright line definition. Said differently, the "least sophisticated consumer" standard is strictly objective and only requires a debtor employ some "'reasonableness and [] a basic level of understanding and willingness to read with care.'" *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir. 2007)(quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000)). Accordingly, any evidence or argument that the "least sophisticated consumer" also has a knowledge of his or her account history, obfuscates the applicable standard in this Circuit and may confuse the jury. *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014)

3

(recognizing that the Sixth Circuit has adopted the "least sophisticated consumer" standard, over those standards adopted by the Seventh and Fourth Circuits). Accordingly, Plaintiff's Motion (ECF No. 147) is **GRANTED**.

       *2. Exclude evidence regarding Defendant's Intentions (ECF No. 148)*

Next, Plaintiffs asks this Court to exclude any argument or evidence offered or introduced concerning Defendant's reasons, motivations, intentions and/or explanations for sending Plaintiff the Mortgage Loan Statement at issue. (ECF No. 148 at 1). Plaintiff argues that because the jury is only tasked with considering the impact of the Mortgage Loan Statement from the perspective of the "least sophisticated consumer," the intentions of the drafter/sender is immaterial. (*Id*. at 2). Given this, Plaintiff maintains, Defendant should also not be permitted to introduce evidence or to argue that it was required to send the Mortgage Loan Statement under federal or state law.[1] (*Id*. at 3–4). In opposition, Defendant asserts that because its "reasons for sending the Mortgage Loan Statement is a necessary inquiry into whether an 'animating purpose' of the Statement was to collect a debt[,]" argument or evidence concerning those reasons should not be excluded. (ECF No. 162 at 2–4). Furthermore, Defendant asserts that it "does not intend to argue that any state or federal law required that it send [the] Statements to debtors[;]" thus, Plaintiff's argument otherwise is moot. (*Id*. at 5–6).

This Court finds Defendant's arguments have merit. As this Court previously determined, "whether the animating purpose of this communication is for debt collection or information disclosure is a disputed question of fact properly left for resolution by a jury." (ECF No. 117 at 24). And, as the Sixth Circuit has held, any such determination must take into account, among other things, "the nature of the relationship of the parties" as well as "whether the statements were

---

[1] In fact, Plaintiff argues that Defendant "waived a defense of 'bona fide' error under 15 U.S.C. §1692k(c)2, and any other defense that suggests that [its] actions were permissible under state or federal law." (ECF No. 148 at 3).

part of a strategy to make payment more likely," and whether the communication "was sent in response to an inquiry or request by the debtor." *Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 431 (6th Cir. 2015) (citing *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011)). Accordingly, any argument or evidence concerning Defendant's reasons, motivations, intentions and/or explanations for sending Plaintiff the Mortgage Loan Statement at issue, is relevant to whether the animating purpose of this communication is for debt collection or information disclosure. Furthermore, as Defendant maintains it does not plan to argue that any state or federal law required it to send the Statements to debtors, so Plaintiff's concern in this regard is moot. Plaintiff's Motion (ECF No. 148) is **DENIED**.

3. *Exclude evidence regarding mortgage statement forms from other lawsuits (ECF No. 155)*

Plaintiff's final motion relates to evidence from two unrelated lawsuits[2] involving Defendant and similar, but not identical, mortgage loan statements. (*See generally* ECF No. 155). Plaintiff requests this Court exclude any argument or evidence offered or introduced relating to these cases, including a copy of one of these similar mortgage loan statements.[3] (*Id*. at 1). Use of, or reference to this Statement, Plaintiff argues, "is irrelevant and/or unfairly confusing and prejudicial as it has no bearing on the facts of this case." (*Id*.). Furthermore, regarding the proceedings from these lawsuits, Plaintiff maintains they are hearsay and not a public record since the hearsay exception contained in Fed. R. Evid. 803(8) applies to factual findings from a legally authorized investigation. (*Id*. at 2).

Defendant objects to Plaintiff's characterization of this evidence, specifically the similar mortgage loan statement from one of these unrelated cases. (*See generally* ECF No. 161).

---

[2] *Helman v. Bank of Am.*, 685 Fed. Appx. 723, 728 (11th Cir. 2017); *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319 (S.D. Fla. 2014).
[3] (*See* ECF No. 155-1 (the similar mortgage loan statement that does not contain the disclaimer at issue here)).

Defendant argues its sole purpose for introducing this similar statement, which does not contain the disclaimer that is at issue here, is to show the jury what a mortgage statement looks like without the disclaimer language.[4] (*Id*. at 3). Such an inquiry is relevant, Defendant says, as it "bears directly on how the 'least sophisticated consumer' would perceive" the Mortgage Loan Statement at issue here. (*Id*.). Furthermore, regarding the proceedings from these unrelated lawsuits, Defendant represents it has no intention of making a legal argument to the jury based on these proceedings. (*Id*. at 4). Rather, Defendant's "only intention with respect to [these cases], is to argue [] to the Court in pretrial and post-trial briefing, [or] in support of any oral Rule 50 motion." (*Id*. at 2).

The Court finds that the mortgage loan statement that does not include the disclaimer language, Defendant's Proposed Exhibit 2 (*see* ECF No. 155-1), is both irrelevant to the question at issue and has the potential to mislead or confuse a jury. This case is about the Mortgage Loan Statements Defendant sent to Plaintiffs; it is not about this other mortgage loan statement Defendant sent to other individuals not involved in this lawsuit. Ultimately, the probative value of this evidence is "substantially outweighed" by its propensity to confuse the issue and mislead the jury. Accordingly, Plaintiff's Motion (ECF No. 155) is **GRANTED**.

### B. Defendant's Motions in Limine

Defendant submitted seven Motions in Limine. For the reasons that follow Defendant's third and fourth Motions (ECF Nos. 142, 143) are **GRANTED**, its first, second and fifth Motions (ECF Nos. 140, 141, 144) are **DENIED as premature without prejudice** to raising any objections at trial, and its sixth and seventh Motion (ECF Nos. 145, 157) are **DENIED**.

1. *Exclude references to Defendant being not adversely affected by the verdict (ECF No. 140)*

To begin, Defendant seeks to prohibit Plaintiff from mentioning or referencing that it will

---

[4] Defendant also proposes that the identifying information on this document which may tie it to those previous cases be redacted. (ECF No. 161 at 3).

6

allegedly not be adversely affected by the verdict. (*See generally* ECF No. 140). Specifically, Defendant contends that "any such references are entirely irrelevant to the claims and defenses in this case or, at the very least, their probative value is substantially outweighed by the risks of unfair prejudice." (*Id*. at 1 (citing Fed. R. Evid. 403)). Furthermore, argues Defendant, "any such reference will simply serve as an improper way to circumvent the inadmissibility of evidence regarding [its] size, resources, and net worth." (*Id*. at 2). Plaintiff, meanwhile, asserts that Defendant's arguments here are based on "generalities and supposition." (ECF No. 165). Relying on *Balsley v. LFP, Inc.*, 691 F.3d 747 (6th Cir. 2012), Plaintiff maintains that such inquiry may be appropriate depending on what arguments and/or objections Defendants themselves make. (*Id*. at 2–3). So, says Plaintiff, it is premature to preclude any such references at this point. (*Id*.).

Plaintiff is correct. At this point, there have not been any statements mentioning or referencing that Defendant will not allegedly be adversely affected by the verdict. Importantly, Defendant has not offered any such evidence in its Motion that any such reference is likely. (*See generally* ECF No. 140). Without first hearing any such statement or reference, the Court cannot determine its admissibility and/or prejudicial nature. Accordingly, Defendant's Motion (ECF No. 140) is **DENIED as premature without prejudice** to raising any objections at trial.

2. *Exclude references to location, hometown, competence, or size of counsel (ECF No. 141)*

Next, Defendant asks this Court to preclude Plaintiff from making any references to the location, hometown, competence, or size of its counsel. (*See generally* ECF No. 141). Defendant argues that any such reference "would be proposed solely in an attempt to bias or incite the jury into rendering a verdict based not upon the evidence, but upon the jurors' passions and prejudices." (*Id*. at 2). As before, Plaintiff argues any such argument is based on "generalities and supposition,"

7

relying again on *Balsley*.[5] (ECF No. 165 at 3).

It would be easier to determine the prejudicial nature of any such statements had they already been offered, as was the case in *Balsley*. As there have yet to be any statements regarding the size, hometown, competence or size of Defendant's counsel, the Court cannot evaluate the admissibility and or prejudicial nature of any such statements. *See Balsley*, 691 F.3d at 763–64 (evaluating the statements plaintiff's counsel made at trial regarding defendants' counsel's retainer agreement, and determining they were not impermissible). Accordingly, Defendant's Motion (ECF No. 141) is **DENIED as premature without prejudice** to raising any objections at trial.

### 3. Exclude references to the "Golden Rule" (ECF No. 142)

In its third Motion, Defendant asks this Court to preclude any mention of or refence to the "Golden Rule" or asking the jurors to place themselves in the shoes of Plaintiff. (*See generally* ECF No. 142). Defendant argues that "[i]t is not only improper for counsel or a witness to urge jurors to put themselves in the place of Plaintiff, it also is improper for them to urge jurors to put themselves in the place of the Plaintiff's family—such an argument has no legal relevance." (*Id*. at 1). While Plaintiff represents that does not intend to make any such argument and "expects the Jury will be adequately instructed as to the law[,]" it does argue that any such preclusion may impact the jury's ability to appreciate and understand the "least sophisticated consumer" standard. (ECF No. 165 at 3–4).

Generally, court's disfavor arguments which reference the "Golden Rule" or ask the jury to put themselves in a party's place. Such arguments invite "decisions based on bias and prejudice rather than consideration of the facts." *Life for Relief & Dev. v. Bank of Am., N.A.*, No. 12-13550, 2017 WL 3616498, at *3–4 (E.D. Mich. Aug. 23, 2017); *Storrs v. Univ. of Cincinnati*, No. 1:15-

---

[5] Plaintiff responded to Defendant's first three Motions in Limine (ECF Nos. 140–142) in one filing. (*See* ECF No. 165). As such, his arguments in opposition are generally the same for each motion.

CV-136, 2018 WL 684759 at * (S.D. Ohio Feb. 2, 2018)("'[G]olden rule' style arguments are improper because they ask jurors to be partial."); *Mich. First Credit Union v. Cumis Ins. Soc.*, 641 F.3d 240, 249 (6th Cir. 2011). Given the propensity of these types of question to impact the impartiality of the jury, excluding any mention of or refence to the "Golden Rule" or asking the jurors to place themselves in the shoes of Plaintiff is appropriate here. While this Court is mindful of Plaintiff's concerns regarding the "least sophisticated consumer" standard, it sees little likelihood that the jury is unable to understand that standard without these types of questions. Accordingly, Defendant's Motion (ECF No. 142) is **GRANTED**.

4. *Exclude evidence or argument concerning actual damages for the class (ECF No. 143)*

Defendant next asks this Court to exclude any evidence or argument that members of the class certified in this case are entitled to recover actual damages in this proceeding. (ECF No. 143 at 1). Defendant maintains exclusion is appropriate given that a number of courts have held that actual damages are not recoverable on a class-wide basis. (*Id*. at 3 (citing *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 387, 396 (S.D. Ohio 2008)). Additionally, Defendant argues that because "this Court certified the FDCPA Class for purposes of statutory damages only[,] [as] Plaintiff only argued for certification under Rule 23(b)(3)[,]" whether any class member suffered actual damages is irrelevant. (*Id*.). While Plaintiff responds to Defendant's Motion, he does not request the Court deny it. (*See generally* ECF No. 166). While Plaintiff takes issue with Defendant's interpretation of the case law regarding actual damages for class members, he ultimately represents that he "does not intend to discuss [this] through argument or evidence[.]" (*Id*. at 2).

Putting aside the parties' arguments over whether actual damages are recoverable on a class-wide basis, this Court has already determined the scope of the Rule 23 class in this case. (*See*

*generally* ECF No. 62). As Plaintiff argued for certification under Rule 23(b)(3) only, this Court certified the FDCPA Class for purposes of statutory damages only. (*Id*. at 15–16 (setting forth the four representative classes, each of which is only to the issues of liability and statutory damages)). As Defendant correctly asserts, evidence or argument about actual damages for class member is not relevant to Plaintiff's claims and may unnecessarily confuse or mislead the jury. *See* Fed. R. Evid. 403. Consequently, Defendant's Motion (ECF No. 143) is **GRANTED**.

     5.  *Exclude references to Defendant's size or resources (ECF No. 144)*

In its fifth Motion, Defendant asks this Court to preclude Plaintiff from making any references to its supposed size or resources. (*See generally* ECF No. 144). Defendant contends that because "[t]he only potential relevance of [its] size or resources would be for punitive damages, which are not an issue in this case[,] . . . allowing evidence as to [its] financial condition . . is inappropriate and would be unduly prejudicial as to the substantive claims in the case." (*Id*. at 2). Plaintiff did not respond to this Motion.

As with Defendant's first two Motions, this request is premature. There have yet to be any statements mentioning or referencing Defendant's supposed size or financial resources. And once again, Defendant's Motion has not offered any evidence that any such reference is likely. (*See generally* ECF No. 144). Without first hearing any such statement or reference, the Court cannot determine its admissibility and/or prejudicial nature. As a result, Defendant's Motion (ECF No. 144) is **DENIED as premature without prejudice** to raising any objections at trial.

     6.  *Exclude evidence of post-January 2015 mortgage statements (ECF No. 145)*

In its sixth Motion, Defendant asks the Court to exclude evidence or argument regarding mortgage statements it sent on or after January 31, 2015. (ECF No. 145 at 1). The post-2015 statements differ from those at issue in this case in that they were revised "to make it even clearer

to debtors that the statement is sent for informational purposes only[.]" (*Id*.). While Defendant argues that these post-2015 statements are irrelevant, pursuant to Fed. R. Evid. 402, its most significant argument is that these statements are inadmissible as subsequent remedial measures pursuant to Fed. R. Evid. 407. (*Id*. at 3–5). Defendant maintains that because it revised the post-2015 statements to "make it even clearer to debtors that they are sent for informational purposes only[,]" it must be precluded under Fed. R. Evid. 407. (*Id*. at 4–5).

In opposition, Plaintiff does not dispute that the post-2015 statements are inadmissible as subsequent remedial measures. (*See* ECF No. 167 at 4 ("Plaintiff agrees that the letters after January of 2015 would and should be barred from admission under Fed. R. Evid. 407[.]")). However, Plaintiff goes on to argue that "Rule 407 permits the admission of evidence of subsequent remedial for 'another purpose.'" (*Id*. (quoting Fed. R. Evid. 407)). Specifically, Plaintiff asserts that it may introduce these post-2015 statements to " . . .impeach statements of witnesses or counsel designed to lessen, for example, the impact of the title of the actual document at issue—the Mortgage Loan Statement." (*Id*.).

Rule 407 explicitly states that "the court may admit [] evidence [of a subsequent remedial measure] for another purpose, such as impeachment[.]" Fed. R. Evid. 407. Accordingly, because Plaintiff has identified this admissible purpose for potentially introducing this relevant evidence Defendant's Motion (ECF No. 145) is **DENIED**. However, Plaintiff is reminded that the post-2015 statements are not admissible to show negligence, culpable conduct, a defect, or a need for a warning or instruction. Fed. R. Evid. 407. Should Plaintiff offer this evidence for any prohibited purpose this Court will consider any timely made objection.

*7. Exclude witnesses not identified during discovery (ECF No. 157)*[6]

Finally, Defendant asks this Court to preclude the forty (40) witnesses identified in Plaintiff's pre-trial disclosures under Rule 26(a)(3) from testifying at trial. (*See generally* ECF No. 157). A majority of these witnesses are members of the certified class in this case.[7] Defendant offers several reasons as to why precluding these witnesses from testifying is necessary. This Court evaluates each in turn.

Defendant begins by asserting that because none of these witnesses was disclosed in response to Defendant's "interrogatory asking that Plaintiff disclose the identity of class members . . . [t]he Court must exclude [them] unless Plaintiff can demonstrate that his failure to supplement is substantially justified or harmless." (*Id*. at 3–6 (citing Fed. R. Civ. P. 26(e)). Defendant argues that Plaintiff's failure to supplement was neither substantially justified or harmless, particularly given the time remaining before trial and the unlikelihood that Defendant will be able to depose any of these witnesses. (*Id*. at 5–6). In response, Plaintiff states that Defendant's arguments are meritless. Plaintiff argues, among other things, that because Defendant was compelled by this Court to produce class identification to Plaintiff, after neglecting to do so for almost 18 months, it was not required to supplement. (ECF No 168 at 5). Plaintiff maintains that the notion that he should supplement his interrogatory response with the same information "Defendant provided under threat of contempt is patently ludicrous." (*Id*. at 6). In addition, Plaintiff asks this Court to "require Defendant and its counsel to appear and show cause as to why they should not be sanctioned pursuant to Fed. R. Civ. P. 11" for this frivolous motion. (*Id*. at 7).

---

[6] ECF No. 157 is a corrected version of ECF No. 154. Defendant counsel represents that once Plaintiff informed him that the parties agreed in their Rule 26(f) planning meeting that they would not be required to make initial disclosures, he filed this corrected version withdrawing any argument that the forty (40) witnesses should be excluded from testifying because they were not disclosed in initial Rule 26(a)(1) disclosures. (*See* ECF No. 157 at note 1).

[7] As will be discussed, however, not all of these witnesses are class members.

12

Pursuant to Fed. R. Civ. P. 37(c)(1), a party's failure to "provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." (emphasis added). Here, this Court finds that, to the extent Plaintiff was required to supplement, its failure to do so was harmless. This is largely because Defendant had access to this information well before pre-trial disclosures were due. In fact, this Court compelled Defendant to produce class identification to Plaintiff. (*See* ECF No. 88 (holding Defendant in contempt for failing to produce class member identification)). Accordingly, Defendant's request to exclude these witnesses because Plaintiff failed to supplement his discovery responses is **DENIED**. As to Plaintiff's request for Rule 11 sanctions, the Court finds any such reprimand unwarranted here, particularly given that this Court has already sanctioned Defendant's counsel for its failure to timely submit the class member identification. *Adams v. Penn Line Servs., Inc.*, 620 F. Supp. 2d 835 (N.D. Ohio 2009)(recognizing that sanctions are mandatory only when a court determines there has been a violation of Rule 11).

Next Defendant argues that testimony from these witnesses is irrelevant and prejudicial and should therefore be excluded. (ECF No. 157 at 6–8). Defendant maintains that "whether any member of the certified class (or any individual borrower for that matter) subjectively understood that the Exemplar A mortgage statement was an attempt to collect a debt or that it was misleading is irrelevant." (*Id*. at 6–7). This is particularly true, says Defendant, given the objective nature of the "least sophisticated consumer" standard. (*Id*. at 7 (citing *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009) (in determining whether a statement is misleading, the court employs an objective least sophisticated consumer standard))). Because the individual impressions of these witnesses as to their understanding of the Mortgage Loan Statement at issue is purely

13

subjective, Defendant argues they must be excluded pursuant to Fed. R. Evid. 402. (*Id*. at 8). Defendant lastly asserts that, pursuant to case law in this Circuit, Plaintiff is not permitted to rely on extrinsic evidence to bolster his "least sophisticated consumer" argument, and any attempt to do so through this witness testimony would be highly prejudicial. (*Id*. at 9–10).

Plaintiff, however, claims the testimony of these class members is relevant to the issues presented in this case, and not unduly prejudicial. (*See generally* ECF No. 168). As a preliminary point, while Plaintiff has identified forty (40) individuals who may testify, he represents that he "expects . . . four (4) people to testify, not including Ms. Vanamann and Mr. Farrin[.]" (*Id*. at 12). Furthermore, in rebutting Defendant's claims of irrelevancy and prejudice, Plaintiff argues that while the Sixth Circuit has not gone as far as the Seventh Circuit in allowing extrinsic evidence to support the "least sophisticated consumer" standard, there is room to bolster this standard with information that would "materially inform the inquiry." (*Id*. at 9 (citing *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 398 (6th Cir. 2015))). At bottom, Plaintiff contends that "the anticipated testimony of the recipients of the Mortgage Loan Statements will be [] relevant because it will be of consequence to the action and will have the tendency to make the fact that such communications were in the nature of collection and misleading much more probable than without it." (*Id*. at 11 (citing Fed. R. Evid. 403)).

Upon review, the Court finds that Plaintiff has sufficiently shown that the testimony of these witnesses is at least somewhat relevant to the question at hand, and not "clearly inadmissible." *Delay*, 2012 WL 5878873, at *2. Accordingly, this Court will refrain from making an evidentiary ruling until trial "so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context." *Id*.

Finally, Defendant takes issue with two specific witnesses identified by Plaintiff— Kim

14

Vanamann and Henry Farrin. Concerning Ms. Vanamann, who is not a member of the class but did received the relevant Mortgage Loan Statement during the relevant time, Defendant argues that because the facts of her case[8] are completely different than those at issue here, her testimony should be precluded. (ECF No. 157 at 9). Furthermore, it asserts that Ms. Vanamann's testimony will only "arous[e] the jury's emotion and unfairly prejudice" Defendant. (*Id*.). Plaintiff, however, highlights the fact that Ms. Vanamann received the relevant Mortgage Loan Statement during the relevant time and will testify only "on her perceptions and impressions of the content of the Mortgage Loan Statements she received." (ECF No. 168 13–14). Furthermore, Plaintiff represents that Ms. Vanamann will not discuss the effect the statements had on her. (*Id*.). This purpose, Plaintiff asserts, makes Ms. Vanamann's testimony relevant. (*Id*.).

Mr. Farrin sued Defendant for substantively similar violations of the FDCPA and received the same Mortgage Loan Statement at issue here. *See Farrin v. Nationstar Mortgage, LLC*, 1:15-cv-00102 (D. N.H. 2015). Mr. Farrin and Defendant reached a settlement. (EFC No. 157 at 9). This agreement prohibits him from discussing the settlement amount. (*Id*.). Defendant argues that this agreement this precludes Mr. Farrin from testifying in this case, and regardless, any testimony would be irrelevant. (*Id*.). This is not what Mr. Farrin will be testifying about, says Plaintiff. (ECF No. 168 at 14). Any testimony from Mr. Farrin, as with any from Ms. Vanamann's, will be limited to their interaction with the Mortgage Loan Statement at issue in this case. (*Id*.).

As with the testimony of the other class witnesses, the Court finds that Plaintiff has identified sufficient relevance for the testimony of both Ms. Vanamann and Mr. Farrin, and any prejudice to Defendant is not undue. Accordingly, Defendant's Motion (ECF No. 157) is **DENIED**. With that said, however, Plaintiff is reminded that evidence which "needlessly

---

[8] *In re Vanamann*, 561 B.R. 106 (Bankr. D. Nev. 2016)

present[s] cumulative evidence" is properly excluded under Fed. R. Evid. 403. To the extent these witnesses begin to offer such "cumulative evidence" their testimony may be precluded. Furthermore, as to the testimony of Mr. Farrin, any such testimony relating to the amount of his settlement is precluded. Should Plaintiff offer this evidence, this Court will consider any timely made objection.

### C. Remaining Pre-Trial Motions

On October 8, 2021, four days after the deadline for filing pretrial motions (*see* ECF No. 134 (setting the deadline for pre-trial motions as October 4, 2021)) Defendant filed a Motion to exclude the introduction of any evidence or testimony from Plaintiff's expert witness, Dr. Martin Saperstein. (ECF No. 158). In response, Plaintiff filed a Motion to Strike Defendant's Motion. (ECF No. 171). As will be discussed, because the Court denies Defendant's Motion as untimely, Plaintiff's request to strike the Motion is moot.

While Defendant lobs a slew of arguments at Plaintiff's expert Dr. Saperstein, it has waived these arguments by filing its Motion after the deadline for pretrial motions had passed. As detailed above, Defendant filed its Motion four days after the deadline for pretrial motions. (*See* ECF No. 134). Defendant only addressed its lateness in a footnotes on the first page of its Motion:

> The Court may always consider the admissibility of witness testimony, including expert testimony, regardless of whether a motion is filed . . . That said, for sake of efficiency and in an attempt to address these issues prior to trial, Nationstar files this Motion. The timing of this Motion was forced by the late corrected expert report served on Nationstar a month and a half after the expert disclosure deadline. As a result of the timing of the report and this Court's order on Nationstar's motion to strike the report, Nationstar was unable to depose Dr. Saperstein until October 1, 2021. The transcript of said deposition was provided on October 5, 2021. Counsel for Nationstar, and the expert retained by Nationstar to assess Dr. Saperstein's opinions, worked as quickly as possible to understand Dr. Saperstein's new opinions. Naturally, Nationstar agrees that Plaintiff should be given additional time to respond to this Motion, provided a response is filed in time to permit the Court to rule on the issue before trial.

16

(ECF No. 158 at note 1). Defendant's first point is meritless. While he is correct that a Court may generally consider the admissibility of a witnesses' testimony anytime it wishes, that does not relieve the parties of their obligation to comply with the pre-trial scheduling order. As Plaintiff notes, this Court's Scheduling Order clearly mandates that "[t]he parties and counsel shall comply [with it] fully and literally" and warns of the possible imposition of sanctions for failure to do so. (*See* ECF No. 134 at 14). Given this, and the fact that Defendant had more than sufficient notice of this deadline, the Court finds Defendant's Motion untimely. *See United States v. Gordon*, No. 11-20752, 2013 WL 673707, at *4 (E.D. Mich. Feb. 25, 2013)("Defendant [] cannot circumvent the deadline established by this Court for filing pretrial motions . . .").

Similarly, this Court finds Defendant's excuse for failing to file timely unpersuasive. While this Court acknowledges that the series of events involving Dr. Saperstein's amended expert report (*see* ECF No. 139) may have created a time-crunch for Defendant to re-depose him, this does not excuse its failure to timely file its Motion. Had Defendant realized it would need more time to file given the renewed inquiry into Dr. Saperstein's amended expert report, it could have simply moved for a brief extension. Even more so, Defendant could have reached out to the Court directly to apprise it of the situation and inquire about best practices to ensure its motion is timely filed. Defendant did neither, instead offering this perfunctory excuse after the fact.

At base, while Dr. Saperstein did conduct an amended survey in the month leading up to trial, Defendant has known about Plaintiff's reliance on his expertise long before that. Any argument that it will be prejudice by allowing Dr. Saperstein to testify, or by this Court not evaluating the merits of its *Daubert* Motion, are untimely. *See Bell v. Sam's E., Inc.*, No. 1:16-CV-315-SKL, 2018 WL 910668 at *5 (E.D. Tenn. Feb. 15, 2018) (denying untimely *Daubert* motions which were filed after the deadline for pretrial motions). Importantly, nothing in this Order

17

prevents Defendant from properly challenging Dr. Saperstein's survey and analysis at trial.

Accordingly, as its Motion to Exclude the Testimony of Dr. Saperstein is untimely, the Motion (ECF No. 158) is **DENIED**. Given this disposition, Plaintiff's Motion to Strike (ECF No 171) is **DENIED as moot**.

### D. Statutory Damages

During the final pretrial conference on October 15, 2021, as well as in their proposed jury instructions, the parties raise one final issue to be addressed before trial. (*See generally* ECF Nos. 159, 169). The parties dispute whether it is the Court or the jury that decides statutory damages under the FDCPA. (*Id.*). Plaintiff argues that "[t]he Court, not the jury, [] decide[s] Plaintiff's entitlement to 'statutory damages' under the FDCPA[,]" relying on the language in 15 U.S.C. §1692k(a)(2)(A) which reads, in relevant part "in the case of any action by an individual, such additional damages *as the court may allow*, but not exceeding $1,000." (ECF No. 169 at 4) (emphasis added). Defendant, conversely, asserts that the jury, rather than the Court, decides statutory damages, relying on *Macy v. GC Servs., L.P.*, 318 F.R.D. 335, 341 (W.D. Kentucky 2017). (ECF No. 159 at 5).

While most Circuits, including the Sixth Circuit, have not spoken directly on this issue, the Seventh, Ninth and Eleventh Circuits have considered the question of whether statutory damages under the FDCPA can properly be decided by a jury. The Seventh and Eleventh Circuits have held that the jury should decide the issue of statutory damages, stating that "the statutory language [of the FDCPA] does not establish that the court rather than a jury must determine the statutory damage award." *See Kobs v. Arrow Serv. Bureau, Inc.*, 134 F.3d 893, 897 (7th Cir. 1998); *see also Dickens v. GC Servs. Ltd. P'ship*, 706 F. App'x 529, 533–534 (11th Cir. 2017)*; Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 832 (11th Cir. 1982); *Rogers v. Loether*, 467 F.2d 1110

18

(7th Cir. 1972), aff'd sub nom. *Curtis v. Loether*, 415 U.S. 189 (1974). In reaching this conclusion, these courts highlighted that "the word 'court,' used in the [FDCPA] and in the remedial portions of numerous other statutes, encompasses trial by both judge and jury rather than by judge alone." *Sibley*, 677 F.2d at 832. Such an interpretation, say these Courts, "avoids the serious constitutional issues that would be raised under the Seventh Amendment if the Act was construed to prohibit trial by jury." *Id*. at 833. Conversely, the Ninth Circuit recently held that a jury does "not have the power to award [statutory] damages" under the FDCPA. *Gonzalez v. Allied Collection Servs.*, Inc., 852 F. App'x 264, 268 (9th Cir. 2021)(citing 15 U.S.C. §§ 1692k(a)(2)(A), 1692k(b)). That Court determined that it was improper for the jury to "advise" the Court on FDCPA statutory damages. *Id*.

Furthermore, numerous courts in this circuit have recognized that it is proper for a jury to decide statutory damages under the FDCPA. *See Macy*, 318 F.R.D. at 341 (collecting cases where a jury awarded statutory damages under the FDCPA); *see also Robinson v. Sherman Fin. Grp., LLC*, No. 2:12-CV-30, 2016 WL 1313082 (E.D. Tenn. Apr. 4, 2016) (FDCPA case tried to jury, which awarded statutory damages); *White v. Cadle Co.*, No. C–1–96–047, 1999 U.S. Dist. LEXIS 15760, at *2–3 (S.D. Ohio Sept. 30, 1999) (same). And, while the Sixth Circuit has yet to speak on the issue, one of these cases was appealed and the panel expressed no concern regarding the propriety of a jury awarding of statutory damages. *See Robinson v. Sherman Fin. Grp.*, LLC, 611 Fed. Appx. 300, 301 (6th Cir. 2015).

This Court finds the holdings of these Courts, as well as that of the Seventh and Eleventh Circuits, compelling. Thus, the jury will decide the issue of statutory damages. Guided by appropriate instruction, the jury in this case will be more than equipped to determine Plaintiff's entitlement to, and the amount of, these statutory damages.

### III. CONCLUSION

In accordance with the foregoing analysis, the parties' Motions in Limine are **GRANTED in part and DENIED in part**. Furthermore, Defendant's Motion to Exclude (ECF No. 158) is **DENIED as untimely**, and Plaintiff's Motion to Strike (ECF No. 117) is **DENIED as moot**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATED: October 19, 2021**